**Opinion filed August 21, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00032-CV

_____

## IN THE INTEREST OF K.R.M. AND A.B.D., CHILDREN

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-3369-PC**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in a parental termination case in which the district court denied a request for a de novo hearing. In a single issue, Appellant, who is the mother of the children, contends that the district court erred when it refused to hold a de novo hearing. We affirm.

### I. *Background Facts*

The record shows that the associate judge conducted a trial on the merits of the issue of parental termination. On Friday, January 9, the trial concluded, and on Monday, January 12, the associate judge sent her report via e-mail to the parties.

The associate judge signed the final termination order on Friday, January 16, and Appellant filed a request for a de novo hearing before the referring court that same day. The referring court, "[a]fter reviewing all pleadings and briefs," denied Appellant's request for a de novo hearing.

## II. *Analysis*

Section 201.015(a) of the Family Code provides that a party may file a request for a de novo hearing to be conducted by the referring court; however, the request must be written and must be filed "not later than the *third* working day after the date the party receives notice of the substance of the associate judge's report." TEX. FAM. CODE ANN. § 201.015(a) (West 2014) (emphasis added). When such a request is filed, the referring court "shall hold a de novo hearing" within thirty days. *Id.* § 201.015(f). In this case, Appellant received notice of the substance of the associate judge's report on January 12 when the associate judge sent the report via e-mail. *See id.* § 201.011; TEX. R. CIV. P. 21(f)(10). Appellant filed her request for a de novo hearing on January 16, four working days after receiving notice of the substance of the associate judge's report. Thus, Appellant's request was not filed in a timely manner.

Appellant contends that she had seven days to file her request, but she relies on a previous version of the Family Code that does not apply to this case. The three-day limit took effect on September 1, 2013. *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 916, §§ 5, 11, 12, 2013 Tex. Gen. Laws ___ (effective September 1, 2013) (replacing the word "seventh" with the word "third") (current version at FAM. § 201.015(a)); *see also Craig v. Craig*, No. 11-15-00029-CV, 2015 WL 1569938, at *1 n.1 (Tex. App.—Eastland Apr. 2, 2015, no pet.) (mem. op.). The original petition for protection of a child was filed in January 2014; accordingly, the current statute controls. *Craig*, 2015 WL 1569938, at *1 n.1. Because Appellant's request for a de novo hearing before the referring court was not timely filed, Appellant was not

2

entitled to a de novo hearing, and the district court did not err when it denied Appellant's request. *See* FAM. § 201.015(a); *In re B.M.A.J.*, No. 12-12-00225-CV, 2012 WL 6674428 (Tex. App.—Tyler Dec. 20, 2012, pet. denied). We overrule Appellant's sole issue on appeal.

III. *This Court's Ruling*

We affirm the order of the trial court.


MIKE WILLSON

JUSTICE


August 21, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.